UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Dytaniel McBride and Engelwood TP Corporation, Inc., | ) ) | |
| Plaintiffs | ) ) | |
| v. | ) ) | Case No. 06-1188 |
| Brian Grice and the City of Peoria, IL, | ) ) | |
| Defendants | ) | |

**ORDER**

The parties have consented to have this case heard to judgment by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c), and the District Judge has referred the case to me. Now before the court is the Defendants' motion for summary judgment (#25). The motion is fully briefed and I have carefully considered the arguments and evidence presented by the parties. As explained below, the motion is granted.

**JURISDICTION**

This matter is brought pursuant to 42 U.S.C. § 1983. This Court therefore has federal question jurisdiction pursuant to 28 U.S.C. 1331. State law claims are asserted under this Court's supplemental jurisdiction, 28 U.S.C. 1367.

**SUMMARY JUDGMENT GENERALLY**

The purpose of summary judgment is to "pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment should be entered if and only if there is no genuine issue as to any material fact,

and the moving party is entitled to judgment as a matter of law. See Jay v. Intermet Wagner Inc., 233 F.3d 1014, 1016 (7th Cir.2000); Cox v. Acme Health Serv., 55 F.3d 1304, 1308 (7th Cir. 1995).

In ruling on a summary judgment motion, the court may not weigh the evidence or resolve issues of fact; disputed facts must be left for resolution at trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). The court's role in deciding the motion is not to sift through the evidence, pondering the nuances and inconsistencies, and decide whom to believe. Waldridge v. American Hoechst Corp., 24 F.3d 918, 922 (7th Cir.1994). The court has one task and one task only: to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial.

The court is to examine all admissible facts, viewing the entirety of the record and accepting all facts and drawing all reasonable inferences in favor of the non-movant, Erdman v. City of Ft. Atkinson, 84 F.3d 960, 961 (7th Cir. 1996); Vukadinovich v. Bd. of Sch. Trustees, 978 F.2d 403, 408 (7th Cir. 1992), cert. denied, 510 U.S. 844 (1993); Lohorn v. Michal, 913 F.2d 327, 331 (7th Cir. 1990); DeValk Lincoln-Mercury, Inc. V. Ford Motor Co., 811 F.2d 326, 329 (7th Cir. 1987); Bartman v. Allis Chalmers Corp., 799 F.2d 311, 312 (7th Cir. 1986), cert. denied, 479 U.S. 1092 (1987), and construing any doubts against the moving party. Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970); Trotter v. Anderson, 417 F.2d 1191 (7th Cir. 1969); Haefling v. United Parcel Serv., Inc., 169 F.3d 494, 497 (7th Cir.1999).

The existence of "some alleged factual dispute between the parties," or "some metaphysical doubt," however, does not create a genuine issue of fact. Piscione v. Ernst & Young, L.L.P., 171 F.3d 527, 532 (7th Cir.1999). "Inferences that are supported by only speculation or conjecture will not defeat a summary judgment motion." McDonald v. Village of Winnetka, 371 F.3d 992, 1001 (7th Cir. 2004). The proper inquiry is whether a rational trier of fact could reasonably find for the party

opposing the motion with respect to the particular issue. See, e.g., Jordan v. Summers, 205 F.3d 337, 342 (7th Cir.2000).

## UNDISPUTED FACTS

Unless otherwise noted, the following facts are taken from the parties' statements of undisputed facts and the evidence submitted in support of those statements. Plaintiff Dytaniel McBride operates a retail clothing store in Peoria, Illinois, called Tha Place. Engelwood TP Corporation Inc., a subchapter S corporation, is the parent company of Tha Place.

McBride employed Lushonda Guyton to help with sales at Tha Place. On October 9, 2004, Guyton and McBride were the only two people working at the store; there were customers in the store. Guyton and McBride got into an argument.[1] McBride claims that Guyton became unruly, telling customers not to spend their money there and calling McBride a shyster. During the argument, clothing racks were knocked over.

McBride forcibly removed Guyton from the store by "placing her in a bear hug, lifting her off the floor and escorting her to the front door." (Def.'s Motion, p.1-2). McBride pushed a "panic button" which summoned the police. He also telephoned the Peoria Police Department. Guyton, who was in the parking lot, also called the Police Department.

The Department's dispatcher radioed Officer Brian Grice to go to Tha Place and investigate. Grice went to the store, arriving at about 3:20 p.m.. He first went into the store and spoke to McBride. According to McBride, Grice obtained McBride's identification. McBride told him that he and Guyton had an argument that had turned into a physical altercation. McBride showed Grice

---

[1] McBride claims that Guyton told him she was leaving work early. McBride claims to have initially told her that if she left early she would not be paid, but to have ultimately paid her even though she did in fact leave.

3

a scratch on his left arm, stating that Guyton was responsible. He also reported that he had escorted Guyton out of the store.

The officer's walkie talkie then conveyed the message that a girl was coming to the store, complaining about "being jumped." Grice then left the store and spoke to the "girl," who was Guyton. She showed him a swelling near her left eye and a small scratch on her forehead, and told him that McBride had hit her with a closed fist and dragged her out of the store.

Grice returned to the store and told McBride that both he and Guyton were under arrest. McBride told Grice about the store's security video system, which consisted of four cameras and a digital video recorder. One camera covered the counter. Another camera was a dome camera located in the center of the store, recording the front door and front counter. One was on the left side of the store, and the fourth was in the back of the store.

Grice viewed the video records made by the dome camera. In part of the video, he saw Guyton fall near the clothing rack, but it was not possible to see what caused her fall. McBride was not visible in the video at that time. Based on what he saw from that video and from his conversations with and observations of McBride and Guyton and their injuries, he placed both of them under arrest. McBride was charged with battery under Illinois law.

McBride has brought this litigation under 42 U.S.C. § 1983, claiming that he was unreasonably seized in violation of his Fourth, and Fifth Amendment rights. In addition, he has asserted state law claims for false arrest and malicious prosecution.

## CONSTITUTIONAL AND STATUTORY PROVISIONS

The Civil Rights Act of 1964 provides in relevant part:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

The Fourth Amendment provides in pertinent part that "the right of the people to be secure in their persons ... against unreasonable searches and seizures, shall not be violated." U.S. Const. Amend. IV.

The Fifth Amendment provides in pertinent part that "No person shall be held to answer for a capital, or otherwise infamous crime, unless on presentment of indictment..." U.S. Const. Amend. V.

The Fourteenth Amendment provides in pertinent part that a State shall not "deprive any person of life, liberty, or property, without due process of law."

720 ILCS § 5/12-3 provides that a person commits battery if he intentionally or knowingly, without legal justification and by any means (1) causes physical harm to an individual; or (2) makes physical contact of an insulting or provoking nature with an individual.

## SECTION 1983 CLAIMS

In order to establish a violation of § 1983, a plaintiff must prove that the conduct was committed by a person acting under color of state law, and that the conduct deprived the plaintiff of rights secured by the Constitution or by federal law. 42 U.S.C. § 1983.

The first inquiry is to consider whether the plaintiff has alleged the violation of a constitutional right at all, a purely legal question, and this threshold question should be resolved at the earliest possible opportunity. Siegert v. Gilley, 500 U.S. 226 (1991); Hunter v. Bryant, 502 U.S. 224, 228 (1991). See also, County of Sacramento v. Lewis, 118 S. Ct. 1708 (1998); Wilson v. Layne, 119 S. Ct. 1692 (1999); Denius v. Dunlap, 209 F.3d 944, 950 (7th Cir. 2000). In the absence of a cognizable constitutional claim, a § 1983 claim fails from the outset. Siegert, 500 U.S. at 232.

FOURTH AMENDMENT

Probable cause is an absolute defense to a claim of wrongful arrest asserted under section 1983 against police officers. Reynolds v. Jamison, 488 F.3d 756, 765 (7th Cir. 2007); Wagner v. Washington County, 493 F.3d 833, 836 (7th Cir. 2007) (per curiam); Potts v. City of Lafayette, 121 F.3d 1106, 1113 (7th Cir. 1997). Probable cause exists if "at the moment the arrest was made, the facts and circumstances within [a reasonable officer's] knowledge of which [the officer] had reasonably trustworthy information were sufficient to warrant a prudent man in believing "that the law had been violated." Hunter v. Bryant, 502 U.S. 224, 228 (1991). See also, Wagner, 493 F.3d at 836 quoting Michigan v. DeFillippo, 443 U.S. 31, 37 (1979)(A police officer has probable cause to arrest "if, at the time of the arrest, the facts and circumstances within the officer's knowledge ... are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense."). See also Beck v. Ohio, 379 U.S. 89, 90 (1964); Maxwell v. City of Indianapolis, 998 F.2d 431, 434 (7th Cir. 1993).

In determining whether an officer had probable cause, the court steps into the shoes of a reasonable person in the position of the officer. Mustafa v. City of Chicago, 442 F.3d 544, 547 (7th Cir. 2006) . Probable cause is evaluated "not on the facts as an omniscient observer would perceive them, but rather as they would have appeared to a reasonable person in the position of the arresting officer." Id., quoting Kelley v. Myler, 149 F.3d 641, 646 (7th Cir. 1998). The probable cause determination must be made by a jury if there is room for a difference of opinion concerning either the facts or the reasonable inferences to be drawn from them." Maxwell, 998 F.2d at 434. The court can decide whether probable cause exists if the underlying facts supporting the probable cause determination are not in dispute. Id.

The reasonableness of the seizure depends on what the officer knew, not whether he knew the truth or whether he should have known more. Reynolds, 488 F.3d at 756. The fact that additional evidence is later uncovered that tends to negate probable cause is irrelevant; all that matters is what the officer knew at the time the decision to arrest was made. Id.

In the case before this Court, officer Grice knew the following things when he arrested McBride. Both parties reported that there had been a verbal argument that had turned physical. The video surveillance tape[2] viewed by Grice showed physical contact between the two, as McBride physically escorted Guyton out of the store. Guyton had a swollen eye and reported that McBride had struck her. McBride had a scratch on his arm, reportedly caused by Guyton.

---

[2] A digital copy of the portion of the videotape viewed by Grice, as well as a portion of the videotape taken by one of the other cameras, have been submitted as evidence in support of Plaintiff's response to this motion. The Court has reviewed that videotape and concludes that both parties have relied far too heavily on these surveillance tapes. The quality is grainy. There is no audio. The entire episode is not visible, even when both videos are viewed. In other words, it is impossible to say with any factual certainty whose version of the events is accurate.

Was this probable cause for McBride's arrest? I find that it was. The Illinois statute defining the crime of battery requires a knowing or intentional act that either causes physical harm or makes physical contact of an insulting or provoking nature. McBride's act in "escorting" Guyton against her will out of the store was clearly intentional. In light of the surveillance tape and McBride's own statement that he had in fact forced Guyton from the store, it was not unreasonable for Grice to conclude that the bump on Guyton's head was the result of McBride's conduct. Grice did not ignore evidence that would have contradicted his conclusion; he simply stopped his investigation when he believed he had probable cause. He had no facts within his knowledge that contradicted the facts on which he based that belief.

According to Plaintiff, if Grice had taken the time to review this second videotape, he would clearly have seen that McBride was justified in what he did and that there was no basis for his arrest. But a police officer does not have to conduct a complete and thorough investigation before making an arrest; once probable cause exists, an arrest may be made, even if subsequent evidence leads to a different conclusion. The existence of the second tape and Grice's refusal to view it before he made the arrest did nothing to negate probable cause.

While it is true, as Plaintiff argues, that the assessment of probable cause is a question for the jury where the facts supporting the probable cause determination are in dispute, that does not help Plaintiff here. The facts on which Grice relied are not in dispute. That there was more information to be gleaned is also not in dispute, but as discussed above, that does not negate the existence of probable cause. Grice assessed the facts and circumstances presented to him at the time he made his decision to arrest both participants in the dispute, and those facts are not in dispute.

Likewise, Plaintiff's argument that he had a statutory right to use force to evict a trespasser from his property does not advance his cause. The use of force to protect one's property is a defense to a criminal charge. It does not negate probable cause.

The Defendant's motion for summary judgment as to the Fourth Amendment claim is therefore granted.

FIFTH AMENDMENT

Where a particular amendment provides an explicit source of constitutional protection against a particular sort of governmental behavior, that Amendment and not the more general concept of due process is the guide for analysis. See, Graham v. Connor, 490 U.S. 386 (1989); Albright v. Oliver, 510 U.S. 266, 273 (1994). Defendant argues that there can be no Fifth Amendment claim here because the more specific guarantees of the Fourth Amendment provide an explicit source of protections against the conduct alleged in the complaint.

Plaintiff has not responded in any way to this argument. At the summary judgment stage, the Plaintiff cannot rely on his pleadings. The responding party may not simply rest on allegations; those allegations must be supported by significant probative evidence tending. First Nat'l Bank of Arizona v. Cities Serv. Co., 391 U.S. 253, 290 (1968). Moreover, perfunctory and undeveloped arguments are waived. See Finance Investment Co. v. Geberit AG, 165 F.3d 526 (7th Cir. Dec. 23, 1998); Indurante v. Local 705, International Brotherhood of Teamsters, 160 F.3d 364, 366 (7th Cir. 1998); Kauthar SDN BHD v. Sternberg, 149 F.3d 659, 668 (7th Cir. 1998), cert. den., 119 S. Ct. 890 (1999).

For any one of these reasons, the motion for summary judgment as to the Fifth Amendment claim is granted.

STATE LAW CLAIMS

The plaintiff has asserted state law claims for false arrest and malicious prosecution against Grice. Both of these claims are overcome by the finding of probable cause. <u>Martel Enterprises v. City of Chicago</u>, 584 N.E.2d 157, 161 (Ill.App.1991); <u>Mangus v. Cook Robin Ice Cream Co.</u>, those claims are barred.

Because they are barred as to Grice, the *respondeat superior* claims against the City are also barred. Illinois Local Governmental and Governmental Employees Tort Immunity Act, 745 ILCS § 10/2-109 (municipality not liable if employee not liable).

## CONCLUSION

For the reasons stated herein, the Motion for Summary Judgment is granted. The Clerk is directed to enter judgment in favor of the Defendants. The final pretrial conference and the jury trial are cancelled, and this case is closed.

ENTERED ON  September 8, 2008

s/ John A. Gorman

JOHN A. GORMAN
UNITED STATES MAGISTRATE JUDGE
